**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 23-80007 |
| | ) | |
| VOLKAN TURAN | ) | Chapter: 13 |
| | ) | |
| | ) | Hon. Thomas M Lynch |
| Debtor, | ) | |
| | ) | |
| VOLKAN TURAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Adv. Proc. _____ |
| | ) | |
| TATYANA RIVTIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**ADVERSARY COMPLAINT OF THE CHAPTER 13 DEBTOR TO AVOID
THE PURPORTED JUDICIAL LIEN OF TAYANA RIVTIS**

NOW COMES the Plaintiff and the Chapter 13 Debtor, Volkan Turan ("**Plaintiff**" or "**Debtor**"), and for his Adversary Complaint to Invalidate the Purported Judicial Lien of Tatyana Rivtis ("**Defendant**" or "**Rivtis**") and pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") alleges as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334 of the United States Code.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) of the United States Code. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409 of the United States Code.

3. The statutory predicates for the relief requested in this Adversary Complaint are §§105(a) and 502 of the United States Bankruptcy Code (the ***"Code"***), Rule 3007(b) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1 of the Local Rules of Bankruptcy Procedure for the U.S. Bankruptcy Court of the Northern District of Illinois (the "**Local Rules**").

## BACKGROUND

4. On January 5, 2023, (the "**Petition Date**"), the Plaintiff filed a voluntary chapter 7 bankruptcy petition (the "**Bankruptcy Case**").

5. On April 5, 2023, the Court granted the Plaintiff's Motion to convert the Bankruptcy Case from one under Chapter 7 to a Chapter 13 Case (the "**Conversion Date**").

6. On January 15, 2023, the Defendant filed her Motion for Relief from the Automatic Stay (Dkt #18) to pursue foreclosure proceedings against the Debtor's marital residence with respect to a purported Judgment Lien recorded on June 21, 2022, with the McHenry County Recorder of Deeds, as Docket No. 2022 R0022018, a copy of the purported Judicial Lien is attached hereto as Exhibt "A" and made a part hereof.

7. The Defendant claims that she has a judicial lien which encumbers the Debtor's residence located at and commonly known as 5 Barrington Bourne, Barrington Hills, Illinois ("**Subject Property**') and legally described as follows:

> **LOT 5 IN BARRINGTON SUMMIT, A SUBDIVISION OF PART OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 36, TOWNSHIP 43 NORTH RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 8, 1955 AS DOCUMENT NUMBER 299859, IN BOOK 12 OF PLATS, PAGE 54, IN MCHENRY COUNTY, ILLINOIS**

**PIN NUMBER:** 19-36-479-002

8. Plaintiff failed to record her purported judgment liens in accordance with the pertinent

Illinois statute (735 ILCS 5/12-101) and accordingly her alleged judicial lien has not been properly created under Illinois law.

9. The Subject Property is considered a class two property pursuant to Section 12-101 of the Illinois Code of Civil Procedure (735 ILCS 5/12- 101) because it is not real property registered under "An Act concerning land title." (Torrens property).

10. The statute with respect to class two property reads:

> As to real estate included within class two, a judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located.  735 ILCS 5/12-101 (West 2020).

11. The Memorandum of Judgment filed by the Defendant states that a Judgment was entered by the Circuit Court of Cook County in Case No. 2018-CH-09199 on November 30, 2020 in favor of Tatyana Rivtis against Volkan Turan in the amount of $69,372.76. (Exhibt "A").

12. The information contained in the Memorandum of Judgment is completely inaccurate. On October 26, 2020, the Circuit Court entered a ruling finding that the Debtor, *inter alia*, was liable to Rivtis in the amount of $50,000 plus $6,041.61 default interest. Moreover the Court's order on that date set the matter over until November 24, 2020 with respect to attorney's fees. A copy of the Circuit Court's October 26, 2020 order is attached hereto as Exhibit "B" and made a part hereof.

13. On November 30, 2020, the Circuit Court of Cook County entered an order awarding Rivtis $13,331.15 for her attorneys fees and legal costs, inclusive. A copy of the November 30, 2020 Circuit Court order is attached hereto as Exhibit "C").

14. No judgment order was entered in favor of Rivtis against the Debtor in the amount of $69,372.76 by the Circuit Court of Cook County on November 30, 2020 as alleged in the

Memorandum of Judgment.

15. The Memorandum of Judgment recorded by Rivtis against the Subject Property is defective because no judgment in the amount of $69.372.76 was entered against the Debtor by the Circuit Court on November 30, 2020 and accordingly no valid judgment lien was created against the Subject Property.

14. Accordingly, the Court should determine that the Defendant does not have a valid and enforceable security interest against the Subject Property.

WHEREFORE, the Plaintiff prays as follows:

A. For a determination that Memorandum of Judgment filed by the Defendant did not create a valid and enforceable judicial lien;

B. That the purported judicial lien against the Subject Property commonly known and located at 5 Barrington Bourne, Barrington Hills, Illinois be held as void and for naught;

C. That the Defendant's Claim in this case is entirely unsecured;

D. For such other relief that is just and equitable.

Respectfully submitted,

VOLKAN TURN, Plaintiff

By:   /s/ *David R Herzog*
         One of His Attorneys

David R Herzog
Law Office of David R Herzog
Attorney for the Plaintiff-Debtor
53 W Jackson Blvd., Suite 1442
Chicago, IL 60604
(312) 977-1600
drh@dherzoglaw.com