# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.:   23-80007 |
| | ) | |
| VOLKAN TURAN | ) | Chapter:   13 |
| | ) | |
| | ) | Hon. Thomas M Lynch |
| Debtor, | ) | |
| | ) | |
| VOLKAN TURAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Adv. Proc. 23 A 96006 |
| | ) | |
| TATYANA RIVTIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF FILING

YOU ARE HEREBY NOTIFIED that on this date, September 18, 2023, we have filed with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Western Division, **PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**, a copy of which is attached hereto and herewith served upon you.

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ David R. Herzog

David R Herzog
Law Office of David R Herzog
Attorney for the Plaintiff
53 W Jackson Blvd., Suite 1442
Chicago, IL 60604
(312) 977-1600
drh@dherzoglaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served a copy of the foregoing instrument on the attached service list via ECF or by enclosing same in an envelope addressed to them, with postage fully prepaid, and by depositing the envelope in the U.S. Mail at 53 W. Jackson Blvd., Chicago, Illinois 60604, on this 18th day of September, 2023.

    /s/ David R. Herzog

**SERVICE LIST**

**VIA ECF**

Paul M. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
paul@bachoffices.com

Lydia Meyer
Lydia Meyer - 13 Trustee
P.o. Box 14127
Rockford, IL 61105-4127
ECF_LMIL@trustee13.com

**VIA REGULAR MAIL**

Patrick S Layng
Office of the U.S. Trustee, Region 11
780 Regent St.
Suite 304
Madison, WI 53715

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 23-80007 |
| | ) | |
| VOLKAN TURAN | ) | Chapter: 13 |
| | ) | |
| | ) | Hon. Thomas M Lynch |
| Debtor, | ) | |
| | ) | |
| VOLKAN TURAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Adv. Proc. 23 A 96006 |
| | ) | |
| TATYANA RIVTIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO**
**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I**

**ARGUMENT**

The Plaintiff acknowledges that the parties, by and large, agree with the facts recited in both Cross-Motions for Summary Judgment and that no genuine issues of material fact exist in the case. Hence, the sole legal issue before this Court is whether the Memorandum of Judgment dated June 21, 2022 and recorded with the McHenry County Recorder of Deeds as Docket No. 2022R0022018 created a valid and enforceable judgment lien.

Section 12-101 of the Illinois Code of Civil Procedure (735 ILCS 5/12-101) is the applicable statute which allows for the creation of a judgment lien in Illinois. Judge Goldgar in a recent opinion noted that the statutory requirements "are specific." *Maniez*, 383 Ill. App. 3d at 41, 321

-1-

Ill.Dec. 940, 890 N.E.2d at 665; *Northwest Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378, 386, 288 Ill.Dec. 818, 818 N.E.2d 753, 760 (1st Dist. 2004). *In re Spangler*, No. 21 B 12581, 2023 WL 5703994, at *4 (Bankr. N.D. Ill. Sept. 5, 2023). Judge Goldgar further observed that [b]ecause they are, Illinois courts demand strict compliance with them. See *Blewitt*, 438 Ill.Dec. 779, 146 N.E.3d at 855; Schindler, 411 Ill.Dec. 598, 73 N.E.3d at 1200 ("[S]trict statutory compliance is ... required."). In re Spangler, No. 21 B 12581, 2023 WL 5703994, at *4 (Bankr. N.D. Ill. Sept. 5, 2023).

Illustrative of the requirement of strict compliance with the statute is the Illinois Appellate Court's decision in *Maniez v. Citibank, F.S.B.*, 383 Ill. App. 3d 38, 890 N.E.2d 662 (2008). In *Maniez,* the plaintiff sought foreclosure of a purported judgment lien. The memorandum of judgment filed in the case recited that the judgment had been entered on February 27, 1997 when, in fact, the judgment had actually been entered on February 28, 1997. The plaintiff asserted that the wrong date was merely a scrivener's error and therefore provided the defendant with adequate notice. In rejecting this argument and finding that the memorandum of judgment must strictly comply with the statutory requirements, the Court opined (383 Ill. App.3d 38 at 44):

> Even if we were to agree with the plaintiff that the inclusion of the incorrect date in the memorandum of judgment was a scrivener's error, we must strictly adhere to the requirements of section 12–101. The memorandum of judgment referred to a judgment date of February 27, 1997. No judgment, valid or otherwise, was entered on that date. It is undisputed that no judgment was entered on that date. Unlike Garrick, the scrivener's error in this case was not readily apparent on the face of the memorandum. Since a valid judgment lien cannot be created without a valid judgment, the February 28, 1997, memorandum of judgment, referring to a nonexistent judgment, did not create a lien against defendants' real property.

Also see, *Blewitt v. Urban.*, 2020 IL App (3d) 180722, ¶ 44, 146 N.E.3d 848, 857 (memorandum of judgment which included a non-final default judgment was defective).

Turning to the Memorandum of Judgment which is the subject-matter of this case, it is signed by the Honorable Judge Patrick J Sherlock and is dated June 6, 2022. The Memorandum simply states that a Judgment was entered on November 30, 2020 against Volkan Turan in the amount of $69,372.67. Yet, as the underlying documents reveal, no final judgment order in that amount was entered against the Plaintiff on that date. Rather, a judgment for $50,000 plus $6,041.61, in default interest was entered on October 26, 2020 and an award of attorney's fees and legal costs, inclusive in the amount of $13,331.15 was awarded on November 30, 2020. Although Rivtis would like to bootstrap the two orders together, and thereby proclaim that a judgment in the amount of $69,372.76 was entered on the November 30th date, it simply is not the case. In fact, no final judgment order was entered on that date and therefore the Memorandum of Judgment signed by Judge Sherlock refers to a non-existent final judgment order.

Even more remarkable is the fact that the Illinois Appellate Court which ruled that Rivtis' first attempt to record a judgment lien was invalid, specifically ruled that "the judgment against defendant and in favor of plaintiff was not final until January 14, 2021, when the trial court sua sponte vacated the judgment against Mint and thus modified the November 30, 2020, order. Rivtis v. Turan, 2022 IL App (2d) 210489, ¶ 31, 208 N.E.3d 496, 504. Thus, the date of the final judgment order against Turan was January 14, 2021 and not November 30, 2020 as stated in the Memorandum of Judgment. Rivtis only had a final and enforceable judgment against the Plaintiff on January 14, 2021. Again, the Memorandum of judgment filed by Rivtis refers to a non-existent judgment on the November 30th date and therefore did not create a valid judgment lien under Illinois law.

## II

## <u>CONCLUSION</u>

      For any and all reasons set forth herein, no genuine issue of material fact exists in this case. Plaintiff prays that the Defendant's Motion for Summary Judgment be denied and that the Plaintiff's Motion for Summary Judgment be granted. Accordingly, the Plaintiff prays that the Court find that the Memorandum of Judgment, Dkt. No 2022R0022018, recorded on June 21, 2022 is fatally defective and failed to create a valid and enforceable judgment lien; that the Defendant is an unsecured rather than a secured creditor in the Debtor's underlying bankruptcy case, and for such other and further relief as the Court deems just and appropriate.

Dated: September 18, 2023

                                                  Respectfully submitted,

                                                  VOLKAN TURAN, Plaintiff

                                                  By:   /s/ *David R Herzog*
                                                          One of His Attorneys

David R Herzog
Law Office of David R Herzog
Attorney for the Plaintiff
53 W Jackson Blvd., Suite 1442
Chicago, IL 60604
(312) 977-1600
drh@dherzoglaw.com